IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MOHAMED BASEL ASWAD,

        Plaintiff,

v.                                               CIV No. 15-284 GBW/CG

JEH JOHNSON, et al,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART OPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT

**THIS MATTER** is before the Court upon Defendants' *Opposed Motion for Extension of Time to Answer Complaint* ("Motion"), (Doc. 11), filed June 16, 2015; Plaintiff's *Opposition to Defendant's Motion for Extension of Time to Answer Complaint*, (Doc. 12), filed June 16, 2015; and *Defendants' Reply in Support of Motion for Extension of Time to Answer Complaint*, (Doc. 15), filed June 19, 2015. Defendants' Motion came before the Court for hearing on June 25, 2015.

      Plaintiff's Complaint challenges Defendants' allegedly untimely adjudication of Plaintiff's naturalization application, requests a de novo review of that application by this Court, and cites violations of the Administrative Procedure Act and the Fifth Amendment Due Process Clause. (Doc. 1 at 8-10). Defendants were required to answer the Complaint by June 26, 2015. (Doc. 11 at 1).

      Under Federal Rule of Civil Procedure 6(b), the Court may extend the time for an act to be done for good cause, when the request is made before the original time expires. FED. R. CIV. P. 6(b)(1)(A). Here, Defendants request an additional sixty days to respond to Plaintiff's Complaint. (Docs. 11 & 15). Defendants primarily argue that an

extension of sixty days is necessary to properly evaluate Plaintiff's eligibility for naturalization as it relates to a pending criminal matter against him. (Doc. 11 at 2-3; Doc. 15 at 1). The Court has reviewed the parties' submissions and the relevant law, and considered the parties' oral argument on the Motion. Because the progression of the case before this Court does not prevent Defendants from continuing to work on the underlying naturalization application challenged in the Complaint, and because Defendants have not otherwise argued that they would be harmed by filing an answer by the original deadline, the Court finds that good cause does not exist to grant the sixty-day extension, and therefore the Motion should be **GRANTED IN PART** and **DENIED IN PART**.

    **IT IS THEREFORE ORDERED** that Defendants' *Opposed Motion for Extension of Time to Answer Complaint*, (Doc. 11), be **GRANTED IN PART** and **DENIED IN PART**. The deadline for Defendants to file their answer shall be extended to Wednesday, July 1, 2015 at 5:00 p.m.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE